IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:18-CV-324-FL

| | | |
|---|---|---|
| DEIDRE DIAMOND-MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| MARK T. ESPER, Secretary, Department of the Army, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 12). Plaintiff responded in opposition and filed an amended complaint, which the court construes as a motion for leave to amend complaint (DE 20). Defendant replied in support of the motion to dismiss and in opposition to the motion for leave to amend complaint. In this posture, the issues raised are ripe for ruling. For the following reasons, defendant's motion is granted and plaintiff's motion is denied.

**STATEMENT OF THE CASE**

Plaintiff commenced this action on June 29, 2018, by filing a motion to proceed in forma pauperis, and a proposed complaint asserting a claim under Title VII of the Civil Rights act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), et seq., based upon national origin discrimination, disability discrimination, and retaliation, in connection with plaintiff's separation from employment with defendant. Plaintiff seeks declaratory relief, back pay, compensatory damages, punitive damages, attorney's fees, and costs.

The court allowed the motion to proceed in forma pauperis and directed plaintiff to re-file her complaint with the required signature. Plaintiff filed the operative amended complaint on August 2, 2018, which is identical in substance to her original proposed complaint, except that it alleges March 30, 2018, instead of March 29, 2018, as the date of receipt of the notice of right to sue from defendant's Equal Opportunity Employment ("EEO") office.

Defendant filed the instant motion to dismiss in lieu of answer on October 13, 2018, asserting that plaintiff's action is time-barred and fails to state a claim upon which relief can be granted. In support of the motion, defendant relies upon the following documents:

1) Defendant's EEO office notice of final action and right to sue, dated March 20, 2018.

2) A United States Postal Service ("USPS") Form 3811, Domestic Return Receipt, signed by plaintiff and date-stamped March 28, 2018.

3) A memorandum on defendant's letterhead to plaintiff dated July 29, 2015.[1]

In opposition to defendant's motion, filed January 18, 2019, plaintiff relies upon her amended complaint, which the court construes as the instant motion for leave to amend complaint. Plaintiff's proposed amended complaint adds factual allegations and maintains the same substantive claims and relief sought as the operative complaint.

Defendant replied on February 1, 2019, relying upon the following documents:

1) An EEO counselor's report dated June 9, 2015.

2) Plaintiff's EEO discrimination complaint, signed June 16, 2015.

---

[1] As set forth herein, the court considers in its analysis of the instant motion only certain documents included with defendant's motion that are "integral to the complaint." Mason v. Mach. Zone, Inc., 851 F.3d 315, 317n.2 (4th Cir. 2017). The court summarizes all documents filed by defendant, in conjunction with its motion and reply in support thereof, solely at this juncture for purposes of setting forth the procedural history of the case.

3) Defendant's EEO office July 2, 2015, notice of acceptance of plaintiff's EEO discrimination complaint.

4) Defendant's EEO office July 29, 2015, amended notice of acceptance of plaintiff's EEO discrimination complaint.

### STATEMENT OF ALLEGED FACTS

The facts alleged in the complaint[2] and documents integral to the complaint, as pertinent to the instant decision, may be summarized as follows.

Plaintiff is a resident of Fayetteville, North Carolina, and is a former employee of defendant, at the Maholic Child Development Center in Fort Bragg. Plaintiff has "mental" disabilities and has a "Hispanic" national origin. (Compl. ¶¶ 4, 12). According to the complaint, plaintiff's second-line supervisor, Evelyn Perry ("Perry"), was the prime management official involved in alleged discriminatory acts against plaintiff.

According to the complaint, "[o]n or about the third week of April 2015, [p]laintiff found out she received less working hours than her African-American co-workers." (Id. ¶ 15). "On or about the third week of April 2015, [p]laintiff found out she was assigned split shifts and weekends while her African-American co-workers were not required to work weekends and nights." (Id. ¶ 16).

"On or about May 1, 2015, [p]laintiff filed an EEO complaint with [d]efendant's EEO office (EEOC No. 430-2016-00115X, Agency No. ARBRAGG15May01683) alleging that [d]efendant discriminated against [her] on the bases of disability (mental) and national origin (Hispanic) as well as retaliated against her." (Id. ¶ 4; see EEO Counselor's Report (DE 24-1)).

---

[2] All references to the "complaint" or "Compl." in citations are to the complaint filed August 2, 2018 (DE 4), unless otherwise specified.

"On May 4, 2015, [Perry] verbally counseled [p]laintiff for failure to perform her duties as Program Associate - Site Lead based on third party information even though she ha[d] performed her duties." (Compl. ¶ 17). On June 16, 2015, plaintiff signed a formal complaint of discrimination with defendant's EEO office that alleged discrimination and retaliation by Perry between April 20, 2015 and May 4, 2015. (Compl. ¶¶ 4-6; see EEO complaint (DE 24-2)). Defendant's EEO office notified defendant on July 2, 2015, of acceptance of plaintiff's EEO complaints for further investigation. (Compl. ¶¶ 5-6; see notice of acceptance (DE 24-3)).

"On July 21, 2015, [d]efendant issued [p]laintiff a memo separating her from federal employment during Probation, dated July 16, 2015, with the effective date of July 30, 2015." (Compl. ¶ 18; cf. mem. to plaintiff (DE 13-3)). Defendant's EEO office notified defendant on July 29, 2015, and August 20, 2015, of additional EEO complaints by plaintiff based upon actions including separation from employment, effective July 30, 2015. (Compl. ¶¶ 5-6; see amended notices of acceptance (DE 24-4)).

On March 8, 2018, "the EEOC made a finding of no issues of material fact on [p]laintiff's discrimination claims." (Compl. ¶ 7; see notice (DE 13-1) at 2). On March 20, 2018, defendant issued a notice of final action to plaintiff, with notice of rights to sue. (See id.). According to the complaint, plaintiff received said notice by regular mail on March 30, 2018. (See Compl. ¶ 7).

**COURT'S DISCUSSION**

A.  Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

4

"Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

B.  Analysis

   1.  Time Bar

Title VII provides a time limit for suits brought by federal employees aggrieved by discriminatory adverse employment actions: "Within 90 days of receipt of notice of final action taken by [the employing government department, agency, or unit], . . . on a complaint of discrimination" an employee "aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action." 42 U.S.C. § 2000e-16(c).

A claim is time barred if it is not filed within this time limit. Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 93 (1990). "Title VII's timely filing requirements are not jurisdictional." Davis v. N. Carolina Dep't of Correction, 48 F.3d 134, 140 (4th Cir. 1995) (citing Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)); see Irwin, 498 U.S. at 95. Rather, they are requirements "that, like a statute of limitations, [are] subject to waiver, estoppel, and equitable tolling." Chacko v. Patuxent Inst., 429 F.3d 505, 513 n.5 (4th Cir. 2005) (quoting Zipes, 455 U.S. at 393); see Irwin, 498 U.S. at 95-96.

In this case, plaintiff's action is time barred because it was not brought within 90 days of the date plaintiff alleges receipt of notice of final action taken by defendant. Plaintiff alleges receipt of

5

defendant's notice of final action and right to sue on March 30, 2018. (Compl. ¶ 7). Plaintiff commenced this action on June 29, 2018, by filing a motion for leave to proceed in forma pauperis with proposed amended complaint. June 29, 2018, however, is 91 days from March 30, 2018. Accordingly, plaintiff brought the instant action one day out of time. See, e.g., Harvey v. City of New Bern Police Dep't, 813 F.2d 652, 653 (4th Cir. 1987) (holding time barred suit brought 91 days after receipt of right to sue letter).

Plaintiff suggests in her response to the instant motion to dismiss that she should be entitled to equitable tolling. She asserts that "[o]n June 28, 2018, Plaintiff attempted to file her Complaint but mistakenly went to the wrong court house and subsequently was given correct information to complete her filing." (Pl's Resp. (DE 19) at 2). In addition, plaintiff asserts that she "made sure to complete the filing at the first available opportunity, June 29, 2018, given that the correct court house is not close to where she resides." (Id.). Furthermore, with respect to the day she received the notice of rights to sue, plaintiff asserts that she "does not have a copy of the return receipt mentioned in [d]efendant's Motion to Dismiss," and that "[w]hen [she] prepared to file her Complaint, she remembered receiving the Agency's Final Action on March 30, 2018." (Id.).

"Federal courts have typically extended equitable relief only sparingly." Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990). Courts have applied "equitable tolling in situations the claimant has actively pursued [her] judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass." Id. (emphasis added). For example, in Burnett v. New York Cent. R. Co., 380 U.S. 424, 429 (1965), the court allowed equitable tolling of a suit under the Federal Employers' Liability Act where the plaintiff timely "brought an action within the

6

statutory period in the state court of competent jurisdiction," but said filed action was dismissed due to improper venue. Id. (emphasis added).

By contrast, courts have been "much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving [her] legal rights." Irwin, 498 U.S. at 96. For example, in Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 150 (1984), the United States Supreme Court declined to apply equitable tolling for an untimely Title VII action where the plaintiff "fail[ed] to act diligently" and did not file any complaint within applicable limitations period, even though she had filed with the court her notice of right to sue within less than 90 days. Id. at 151-52.

Plaintiff has not alleged or asserted conduct satisfying the high bar for equitable tolling. Critically, although plaintiff asserts in her response that she "mistakenly went to the wrong court house" (Pl's Resp. (DE 19) at 2), she did not file anything, in any court, until 91 days after the alleged date of receipt of her right to sue letter. Accordingly, this case does not involve circumstances like those described in Irwin and Burnett, where a plaintiff filed a complaint in court, but in an incorrect venue. See 380 U.S. at 429; Irwin, 498 U.S. at 96 (noting possibility of equitable tolling upon "filing a defective pleading"). Moreover, while plaintiff asserts she "subsequently was given correct information to complete her filing," (Pl's Resp. (DE 19) at 2), this is not a case "where the court has led the plaintiff to believe that she had done everything required of her." Baldwin, 466 U.S. at 151.

In sum, plaintiff's action must be dismissed as time barred. Because the action must be dismissed on this ground, the court does not reach additional grounds for dismissal raised by defendant.

2. Motion to amend

As noted above, the court construes plaintiff's second amended complaint as a motion for leave to amend complaint, where the time period for amending as a matter of course has passed. See Fed. R. Civ. P. 15(a). "[L]eave sought should, as the rules require, be freely given," except, as pertinent here, in instances of "futility of amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). "Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards." Katyle v. Penn Nat. Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011). "'A complaint showing that the statute of limitations has run on the claim is the most common situation in which [an] affirmative defense appears on the face of the pleading,' rendering dismissal appropriate." Brooks v. City of Winston-Salem, N.C., 85 F.3d 178, 181 (4th Cir. 1996) (quoting 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 352 (1990)).

Here, plaintiff's proposed amended complaint suffers from the same defect as her operative complaint, in that it demonstrates on the face of the pleading that the action is time barred. (See Prop. Am. Compl. (DE 20) ¶ 7 (stating that plaintiff received notice of rights to sue on March 30, 2018). Therefore, due to futility of amendment, the instant motion to amend must be denied.

3. Dismissal With Prejudice

"[T]he nature of dismissal is a matter for the discretion of the district court." Adbul-Mumit v. Alexandria Hyundai, LLC, 896 F.3d 278, 292 (4th Cir. 2018); see Carter v. Norfolk Cmty. Hosp. Ass'n, Inc., 761 F.2d 970, 974 (4th Cir. 1985) ("[D]ismissal under Rule 12(b)(6) is . . . with prejudice unless [the court] specifically orders dismissal without prejudice. That determination is

within the district court's discretion."). In exercising this discretion, the court is not required to "resolve pleading deficiencies, regardless of previous opportunities to amend or other extenuating circumstances." Adbul-Mumit, 896 F.3d at 292.

In this case, dismissal with prejudice is warranted, in light of plaintiff's prior attempts to amend the complaint. Moreover, the record reflects additional evidence bearing upon the untimeliness of plaintiff's action. In particular, plaintiff filed original proposed complaint alleging she received the notice of rights to sue on "March 29, 2018." (See Original Proposed Compl. (DE 1-1) ¶ 7). In the operative complaint and proposed amended complaint, by contrast, she alleges she received the notice on "March 30, 2018." (See Compl. ¶ 7; Prop. Am. Compl. ¶ 7). Plaintiff acknowledges, however, the return receipt filed by defendant in support of the motion to dismiss. (Pl's Resp. (DE 19) at 2). That return receipt is signed by plaintiff and date-stamped "March 28, 2018." (Def's Mem., Ex. 2 (DE 13-2)). Because additional evidence in the record reveals an independent bar to the timeliness of the action, notwithstanding plaintiff's present assertions of equitable tolling, this provides a further factor weighing against dismissal without prejudice in this instance.

**CONCLUSION**

Based on the foregoing, defendant's motion to dismiss (DE 12) is GRANTED, and plaintiff's motion to amend (DE 20) is DENIED. Plaintiff's action is DISMISSED as time barred, pursuant to Federal Rule of Civil Procedure 12(b)(6). The clerk is DIRECTED to close this case.

SO ORDERED, this the 21st day of June, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge